Judy M. Iriye
jiriye@littler.com
Kate SM Pitzak
kpitzak@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California  90067.3107
Telephone:  808.650.6064
Fax No.:     310.553.5583

Attorneys for Defendant
AVIS BUDGET GROUP, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH GANDOLFO,<br><br>        Plaintiff,<br><br>   v.<br><br>AVIS BUDGET GROUP, INC., a foreign profit corporation, JOHN DOES 1-10, JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE UNINCORPORATED ORGANIZATIONS 1-10; and DOES GOVERNMENTAL AGENCIES 1-10,<br><br>        Defendants. | 1:22-cv-00246<br><br>**DEFENDANT AVIS BUDGET GROUP, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT** |

PLEASE TAKE NOTICE that Defendant AVIS BUDGET GROUP, INC. (referred to herein as "Defendant")[1] hereby removes the above-captioned action from the Circuit Court of the Fifth Circuit of the State of Hawaii to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1. As set forth more fully below, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

2. Plaintiff Joseph Gandolfo ("Plaintiff") filed this action in the Circuit Court for the Fifth Circuit, State of Hawaii, alleging acts and omissions occurring in the State of Hawaii. Venue properly lies in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 91, 1391, and 1441(a).

## PLEADINGS, PROCESS AND ORDERS

3. On or about September 3, 2021, Plaintiff commenced this action by filing a complaint in the Circuit Court for the Fifth Circuit, State of Hawaii, entitled *Joseph Gandolfo v. Avis Budget Group, Inc., a foreign profit corporation;*

---

[1] Defendant denies it employed Plaintiff. Plaintiff was employed by AB Car Rental Services, Inc.

*John Does 1-10, Jane Does 1-10, Doe Corporations 1-10, Doe Partnerships 1-10, Doe Unincorporated Organizations 1-10, and Doe Governmental Agencies 1-10*, Case No. 20-0001080 (herein referred to as the "Complaint"). The Complaint asserts causes of action for: (1) disability discrimination; (2) retaliation; and (3) violation of HRS 378 Part V Whistleblowers' Protection Act.

   4. Plaintiff caused the Summons and Complaint to be served on Defendant on May 6, 2022. *See* Declaration of Judy M. Iriye ("Iriye Decl."), ¶ 5. A true and correct copy of all pleadings, process, and orders that have been served upon Defendant as of this date, consisting of the Complaint are attached as Exhibit "A" to Iriye Decl., ¶ 6.

## DIVERSITY OF CITIZENSHIP

   5. As set forth below, there is complete diversity of citizenship between the parties.

   6. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Plaintiff alleges that, at all relevant times, he has resided in the State of Hawaii. Compl., ¶ 3. Plaintiff's residence is *prima facie* evidence of domicile. *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (holding that residency can create a rebuttable presumption of domicile supporting diversity of citizenship). A person's domicile is the place he resides with the intention to remain or to which

he intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Moreover, during his employment with AB Car Rental Services, Inc., which began in April 2015 and ended on December 14, 2018, Plaintiff resided in the State of Hawaii. Declaration of Jean Sera ("Sera Decl."), ¶ 9.

7. For diversity jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8. For purposes of removal, the "nerve center" test should be applied to determine a corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Under the "nerve center" test, the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 92-93.

9. Plaintiff had been an employee of AB Car Rental Services, Inc. Sera Decl., ¶ 8.

10. AB Car Rental Services, Inc. is a subsidiary of the named Defendant, Avis Budget Group, Inc. Sera Decl., ¶ 5.

11. AB Car Rental Services, Inc. and Avis Budget Group, Inc. are Delaware corporations with their principal place of business in the State of New Jersey. AB Car Rental Services, Inc. and Avis Budget Group, Inc. do business throughout the country, including in Hawaii. However, Hawaii is not the location

of either's principal place of business. AB Car Rental Services, Inc. and Avis Budget Group, Inc. headquarters, including their principal, executive, and administrative offices, are both located in New Jersey and have been since before Plaintiff filed his Complaint. Sera Decl., ¶ 6.

12. The majority of AB Car Rental Services, Inc.'s and Avis Budget Group, Inc.'s corporate offices and senior executives are also located at their corporate headquarters in New Jersey. Sera Decl., ¶ 7. Thus, AB Car Rental Services, Inc. and Avis Budget Group, Inc. are citizens of New Jersey, and not Hawaii, for the purposes of diversity jurisdiction.

13. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (finding that "28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal").

## AMOUNT IN CONTROVERSY

14. Plaintiff's Complaint does not specify the amount that he seeks to recover in this action. Consequently, Defendant need only establish by a preponderance of the evidence that the amount in controversy exceeds the statutory

5

requirement in order to support a removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Perez v. Baxter Healthcare Corp.*, 2012 U.S. Dist. LEXIS 160051 (C.D. Cal. 2012).

15. Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

16. In measuring the amount in controversy, the court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005), *citing Schere v. Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

17.  If the complaint does not clearly establish the jurisdictional amount, then the Court may consider facts in the removal petition. *Singer,* 116 F.3d at 377; *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint.")

18.  In this case, the allegations of the Complaint make clear that the damages Plaintiff seeks exceed $75,000. In addition to a declaratory judgment, Plaintiff seeks: (1) special damages, (2) compensatory damages, including, but not limited to, general damages for emotional distress; (3) punitive damages; (4) costs of litigation; (5) reasonable attorneys' fees; (6) prejudgment and post-judgment interest; (7) injunctive relief; and (8) "such other and further relief both legal and equitable as this Court deems just." Exh. A, Complaint, pp. 18-19.

19.  Plaintiff's Complaint purports to allege (1) a claim under the Hawaii Whistleblower's Protection Act, Haw. Rev. Stat. §§ 378-62 (herein referred to as the "HWPA"); and (2) a claim for retaliation for engaging in conduct allegedly covered by the HWPA. Exh. A, Complaint ¶¶ 144-147. The remedies available to a plaintiff who proves a violation of the HWPA include injunctive relief, actual damages, costs, and attorney's fees. Haw. Rev. Stat §§ 378-63. Attorney's fees that are potentially recoverable by statute are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

20. At the time Plaintiff was terminated on or about December 14, 2018, he was an hourly non-exempt employee who also earned incentive pay based on sales and commissions. Based on his W2 wage history, Plaintiff earned an average weekly wage of $1,213.00. Sera Decl., ¶ 10. If Plaintiff were to recover back wages from December 14, 2018 to the present, he potentially could recover back wages totaling approximately $219,553 ($1,213.00/week x 181 wks.). Moreover, if the case proceeds to trial in May 2023 – approximately one year from when Defendant was served – he may be seeking a total of about 229 weeks of lost wages, or approximately $277,777.

21. The prayer for relief in Plaintiff's Complaint includes "general damages," or emotional distress damages. While it is difficult to estimate a potential award for emotional distress damages, such awards in retaliation cases may surpass $75,000 by themselves, separate from other damages also awarded. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2013), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Thus, based on *Kroske*

and other employment cases, the emotional distress component of Plaintiff's claims could amount to at least $25,000, if not more.

22. In addition to compensatory damages, Plaintiff specifically seeks to recover his attorneys' fees. Although Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Courts have noted that, in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum, especially when a plaintiff's claims, like those here, may not be immediately resolved. *Id.* at 1035; *see also Haase v. Aerodynamics, Inc.*, 2009 U.S. Dist. LEXIS 96563, 14-15 (E.D. Cal. Oct. 16, 2009) ("the Court does not address this argument as even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum").

23. In this case, litigation of this action through trial would require Plaintiff to incur attorneys' fees that will very likely surpass the $75,000 amount in controversy requirement on its own. For example, using a conservative assumption that Plaintiff would seek fees at a rate of $250/hour, Plaintiff would only be required to establish 300 total hours of attorney work to reach the $75,000 threshold. If Plaintiff were to prevail at trial, it is likely that Plaintiff would claim more than $75,000 in attorneys' fees.

24. In addition to the damages described above, Plaintiff also specifically seeks punitive damages, which must be considered in determining whether the amount in controversy exceeds $75,000. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). If Plaintiff were to establish liability for punitive damages, the award of such damages will likely exceed $75,000.

25. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Thus, Defendant has abundantly carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

26. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

27. Defendant does not concede Plaintiff's allegations are true, that his claims have any merit, that all of the above categories of damages or fees are

available, or that the foregoing represents an appropriate method for calculating damages. Defendant provides the foregoing only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, plainly exceeds the $75,000 jurisdictional requirement.

## TIMELINESS OF REMOVAL

28. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period runs from the service of the summons and complaint; mere receipt of summons and complaint without service is insufficient to trigger removal period).

29. Plaintiff caused the Summons and Complaint to be served on Defendant, through its counsel, on May 6, 2020. Iriye Decl., ¶ 5. Defendant has therefore filed this Notice of Removal within 30 days of service of the Summons and Complaint on Defendant, and this Notice of Removal is timely.

## NOTICE TO PLAINTIFF AND STATE COURT

30. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the District of Hawaii, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy

of the Notice of Removal will be filed with the Clerk of the Circuit Court for the First Circuit, State of Hawaii.

WHEREFORE, Defendant Avis Budget Group, Inc. hereby respectfully requests that this action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii and that the action proceed herein.

DATED:   Kailua, Hawaii, June 3, 2022.

LITTLER MENDELSON, P.C.

*/s/ Judy M. Iriye*
Judy M. Iriye
Kate SM Pitzak

Attorneys for Defendant
AVIS BUDGET GROUP, INC.

4871-7769-0384.1 / 087467-1051