UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH GANDOLFO,<br><br>              Plaintiff,<br><br>     vs.<br><br>AVIS BUDGET GROUP, INC., A FOREIGN PROFIT CORPORATION, JOHN DOES 1-10,  JANE DOES 1-10, DOE CORPORATIONS 1-10,  DOE PARTNERSHIPS 1-10,  DOE UNINCORPORATED ORGANIZATIONS 1-10,  DOE GOVERNMENTAL AGENCIES 1-10,<br><br>              Defendants. | CIV. NO. 22-00246 LEK-KJM |

**ORDER DENYING "PRO SE PLAINTIFF JOSEPH GANDOLFO'S RESPONSE TO DKT 83 MINUTE ORDER RESPONSE:  JUDGE LESLIE KOBAYASHI IS GUILTY OF ABUSE OF DISCRETION AND VIOLATION OF HAW. CODE. JUD. COND. 2.15" [FILED 9/15/23 (DKT. NO. 84)]**

On September 15, 2023, *pro se* Plaintiff Joseph Gandolfo ("Gandolfo") filed "Pro Se Plaintiff Joseph Gandolfo's Response to Dkt 83 Minute Order Response: Judge Leslie Kobayashi Is Guilty of Abuse of Discretion And violations [sic] of Haw. Cod. Jud. Cond. 2.15" ("Motion").  [Dkt. no. 84.]  The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Further, it is not necessary for Defendant Avis Budget Group,

Inc. ("Defendant") to respond to the Motion.  Gandolfo's Motion is hereby denied for the reasons set forth below.

## BACKGROUND

On September 12, 2023, this Court denied Gandolfo's request for reconsideration of: the denial of his request to remand to state court; the setting a status conference regarding his email dated July 7, 2023; and the clarification of its ruling at the August 7, 2023 status conference regarding his email dated July 7, 2023.  See Minute Order - EO: Court Order: Denying the Portion of Plaintiff's September 6, 2023 Filing Moving for Reconsideration of this Court's Orders; Construing the Remainder of Plaintiff's 9/6/23 Filing as Objections to the Magistrate Judge's Orders; and Allowing Defendant to File a Response to Plaintiff's Objections to the Magistrate Judge's August 21, 2023 Order and August 23, 2023 Order, filed 9/12/23 (dkt. no. 83) ("9/12 Order").  The instant Motion was subsequently filed.

## DISCUSSION

While Gandolfo describes his filing as a response to the 9/12 Order, the gravamen of the statements contained in it appear to raise the ethical considerations of this Court because of the rulings made in his lawsuit.  Therefore, the Motion is construed as a motion for reconsideration and for recusal.

Gandolfo is appearing *pro se*, and thus his filings must be liberally construed. See, e.g., Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365, 102 S. Ct. 700, 701, 70 L. Ed. 2d 551 (1982) (per curiam))). His Motion will therefore be analyzed under the motion for reconsideration standard as well as a motion to recuse this Court.

I. **Motion for Reconsideration**

Local Rule 60.1 states, in relevant part:

> Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a)  Discovery of new material facts not previously available;
>
> (b)  Intervening change in law; and/or
>
> (c)  Manifest error of law or fact.
>
> Motions asserted under subsection (c) of this rule must be filed and served within fourteen (14) days after the court's order is issued.
>
> Motions for reconsideration are disfavored. A motion may not repeat arguments already made, unless necessary to present one or more of the permissible grounds for the reconsideration request, as set forth above. . . .

First, there is no rule permitting a motion for reconsideration of a denial of a motion for reconsideration. But even if such a motion could be brought, Gandolfo fails to meet any of the required grounds for the granting of reconsideration. While Gandolfo may disagree with the denial of his request for reconsideration, this is insufficient to support reconsideration. See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) ("Mere disagreement with a previous order is an insufficient basis for reconsideration." (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988))). To the extent Gandolfo seeks reconsideration of the 9/12 Order, the Motion is denied.

## II. Motion to Recuse

The basis for recusal appears to be Gandolfo's generalized complaint that the Court has violated Hawai`i Code of Judicial Conduct Rule 2.15. [Motion at 8-9.] He appears to contend that judicial rulings have been made to diminish his case and that the Court has used "illegal and outrageously deplorable tactics" to undermine the severity of his lawsuit. [Id. at 5.]

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S. 563, 583 (1966)). While Gandolfo may

4

believe that his lawsuit is being diminished and that this Court has caused the diminishment because of its rulings, the rulings are insufficient for a finding of bias or prejudice necessary to merit recusal. Gandolfo's disagreement with this Court's rulings may be more properly the basis for an appeal, but do not serve as a reason for granting a request for recusal.

The standard for recusal is "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Reasonableness is the key to any determination involving recusal, and an objective standard is applied:

> In 1974 Congress amended the section to replace the subjective test of the previous version of the section with an objective test based on public perception. The Supreme Court discussed this change in Liljeberg v. Health Servs. Acquisition Corp., explaining that, "The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists." 486 U.S. 847, 860, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) (internal quotation marks omitted). We have restated § 455(a) and ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Ct., 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citation omitted); cf. United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993) (articulating a similar standard). "Section 455(a) asks whether a

>reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." In re Mason, 916 F.2d 384, 385 (7th Cir. 1990). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." Id. at 386. The standard "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." Cooley, 1 F.3d at 993.

United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008) (footnote omitted). Disqualification is fact-driven and must be determined by "'an independent examination of the unique facts and circumstances of the particular claim at issue.'" Id. (some citations omitted) (quoting United States v. Bremers, 195 F.3d 221, 226 (5th Cir. 1999)).

Other than frustration and disagreement with this Court's rulings and his generalized distrust of the judicial process, Gandolfo has not presented any reason for recusal. His mere disagreement with the rulings cannot serve as a valid basis for recusal. See Liteky, 510 U.S. at 555.

In the absence of a reasonable factual basis for recusal, this Court has a duty to hear all assigned cases, including this one. See Holland, 519 F.3d at 912. This Court therefore finds that there is no reasonable factual basis for recusal and denies the portion of Gandolfo's Motion seeking the recusal of this Court.

**CONCLUSION**

For the foregoing reasons, Gandolfo's "Pro Se Plaintiff Joseph Gandolfo's Response to Dkt 83 Minute Order Response: Judge Leslie Kobayashi Is Guilty of Abuse of Discretion And violations [sic] of Haw. Cod. Jud. Cond. 2.15," which was filed on September 15, 2023 and has been construed as a motion for reconsideration and for recusal, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 2, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPH GANDOLFO VS. AVIS BUDGET GROUP, INC., ET AL; CV 22-00246 LEK-KJM; ORDER DENYING "PRO SE PLAINTIFF JOSEPH GANDOLFO'S RESPONSE TO DKT 83 MINUTE ORDER RESPONSE:  JUDGE LESLIE KOBAYASHI IS GUILTY OF ABUSE OF DISCRETION AND VIOLATION OF HAW. CODE. JUD. COND. 2.15" [FILED 9/15/23 (DKT. NO. 84)]**