IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH GANDOLFO, | ) | Civil No. 22-00246 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | DEFENDANT AVIS BUDGET |
| AVIS BUDGET GROUP, INC., | ) | GROUP, INC.'S NOTICE AND |
| ET AL., | ) | MOTION FOR TERMINATING |
| | ) | AND MONETARY SANCTIONS |
| Defendants. | ) | (ECF NO. 186) |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART DEFENDANT AVIS
BUDGET GROUP, INC.'S NOTICE AND MOTION FOR
TERMINATING AND MONETARY SANCTIONS (ECF NO. 186)

On June 25, 2024, Defendant Avis Budget Group, Inc. ("Defendant"), filed a Notice and Motion for Terminating and Monetary Sanctions ("Third Motion for Sanctions").[1] ECF No. 186. Plaintiff Joseph Gandolfo ("Plaintiff") did not file an opposition, or otherwise respond, to the Third Motion for Sanctions. On July 10, 2024, Defendant filed a Reply. ECF No. 188.

The Court elected to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for

---

[1] Defendant previously filed two other motions for sanctions: (1) Notice and Motion for Sanctions ("First Motion for Sanctions"), ECF No. 155; and (2) Notice and Motion for Terminating and Monetary Sanctions ("Second Motion for Sanctions"), ECF No. 166.

the District of Hawaii ("Local Rules").  ECF No. 187.  After carefully considering the Motion, Reply, applicable law, and record in this case, the Court finds and recommends that the district court GRANT IN PART AND DENY IN PART the Third Motion for Sanctions for the reasons set forth below.

## BACKGROUND

The Court and the parties are familiar with the facts and issues in this case.  The Court will therefore only recite those relevant to the Third Motion for Sanctions.

I.   The District Court's Previous Warnings to Plaintiff

On July 6, 2023, Plaintiff began representing himself in this action.  ECF Nos. 57, 59.  Since Plaintiff began representing himself, the district court has repeatedly reminded Plaintiff that he is required to comply with court rules and court orders.  The district court also previously warned Plaintiff that failure to comply could subject Plaintiff to sanctions.

   A.   August 7, 2023 Warning

On July 7, 2023, Plaintiff sent an ex parte communication to the district court (the "07/07/2023 Email").  ECF No. 67-1.  The 07/07/2023 Email "appears to describe Plaintiff's concerns regarding proceedings held before the magistrate judge on July 6, 2023."  ECF No. 67.  The district court set a status conference for July 18, 2023, to discuss the 07/07/2023 Email.  *Id.*  On July 17, 2023, the district

court continued the status conference from July 18, 2023, to August 7, 2023.  ECF No. 69.

At the August 7, 2023 status conference, the district court advised Plaintiff:

> [A]s a pro se party in this case, [Plaintiff is] expected to comply with the Local Rules of Practice for the United States District Court for the District of Hawaii and Federal Rules of Civil Procedures.  Moreover, pro se litigants are prohibited from engaging in ex parte communications with the presiding judge or chambers staff by letter, telephone, or electronic means.

ECF No. 77.

B.   October 2023 Warnings

On October 20, 2023, Plaintiff filed a motion that the district court construed as both a motion for summary judgment and supporting memorandum.  ECF Nos. 97, 99 at 1.  Plaintiff, however, did not file a separate concise statement of facts in support of his motion for summary judgment.  ECF No. 99 at 1.  On October 24, 2023, the district court issued a minute order that, among other things, reminded Plaintiff of his obligation to follow the Federal Rules of Civil Procedure and the Local Rules:

> Gandolfo is proceeding pro se, but he is still required to follow the applicable rules, including the Federal Rules of Civil Procedure and the Local Rules.  See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (stating that "pro se litigants are not excused from following court rules"). . . . Gandolfo is CAUTIONED that his continued failure to comply with the applicable rules may result in the imposition of sanctions, including, but not limited to, the striking or dismissal of his claims.  See Local Rule LR81.1(a) ("Sanctions, including but not limited to . . . dismissal with

3

> prejudice, may be imposed for failure to comply with the Local Rules."); Local Rule LR11.1 ("Failure of . . . a party to comply with any provision of the Local Rules is a ground for imposition of appropriate sanctions, including a fine or dismissal.").

ECF No. 99 at 1–2.

On October 26, 2023, the district court set a status conference for November 17, 2023. ECF No. 101 at 1. In addition, the district court reminded Plaintiff of his obligations to (i) present his requests for relief by properly filed motions, and (ii) follow the Federal Rules of Civil Procedure and the Local Rules:

> Gandolfo is HEREBY NOTIFIED that he is not permitted to email [the district court's] courtroom manager regarding this case. If Gandolfo wishes to present any request or inquiry to this Court, he must do so through a motion that is filed in this case. If Gandolfo wishes to provide this Court with any information, he must do so through a statement, memorandum, or declaration filed in this case. If Gandolfo sends any further emails to the courtroom manager, his email will not be responded to. This Court has instructed its courtroom manager to delete any further emails from Gandolfo.
>
> Although Gandolfo is proceeding pro se, he is still required to follow the applicable rules and to obey court orders. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (per curiam) (stating that "pro se litigants are not excused from following court rules"). Gandolfo is CAUTIONED that his future failure to comply with the applicable rules may result in the imposition of sanctions, including, but not limited to, the striking or dismissal of his claims. See Local Rule LR81.1(a) ("Sanctions, including but not limited to . . . dismissal with prejudice, may be imposed for failure to comply with the Local Rules."); Local Rule LR11.1 ("Failure of . . . a party to comply with any provision of the Local Rules is a ground for imposition of appropriate sanctions, including a fine or dismissal.").

*Id.* at 2–3.

C.      December 18, 2023 Warning

Plaintiff failed to appear at the November 17, 2023 status conference.  ECF No. 122.  On that same date, however, Plaintiff filed an emergency motion for continuance of the November 17, 2023 conference.  ECF Nos. 119, 121.  The district court denied the emergency motion.  ECF No. 122.  The district court set another status conference for December 18, 2023.  *Id.*

At the December 18, 2023 status conference, the district judge prohibited Plaintiff from directly contacting the Defendant's employees:

> I want to make sure that it's very clear to both parties that Mr. Gandolfo's proceeding pro se, but he is not a trained lawyer, so I give him every benefit of the doubt because he's not trained in filing legal matters.
>
> However, the law does require that he follow all the rules of court, Federal Rules of Evidence, Federal Rules of Civil Procedure, our local rules, so forth.
>
> And it also is binding upon him to conduct himself in a manner in which litigants are required.  And so that means he cannot contact Ms. Iriye's clients, their employees and so forth because an attorney would not be able to do that.  If there are requests for information or what have you, that should go through Ms. Iriye.
>
> Likewise, none of Ms. Iriye's clients should -- or their employees -- should contact Mr. Gandolfo; they should go through Ms. Iriye.
>
> So I want to make it clear to both of you that those are the rules that I'm holding both of you to.  Should there be any violations of that understanding, then I would either sua sponte, that means on my own, or if there's any motion filed for sanctions, I would take those up.

5

ECF No. 159 at 5:12–6:7 ("12/18/2023 Order").

Despite these instructions, Plaintiff recorded the December 18, 2023 status conference and disseminated the video to, among other people, the district court, the district court's courtroom manager, and Defendant's employees on March 1 and 4, 2024.  ECF No. 155-1 at 6–9.

II.     First Motion for Sanctions

On March 8, 2024, Defendant filed the First Motion for Sanctions, alleging that Plaintiff improperly recorded the December 18, 2023 status conference and violated the district court's instructions by directly contacting Defendant's employees regarding this case.  ECF No. 155.  On April 17, 2024, this Court granted the First Motion for Sanctions and ordered Plaintiff to pay the reasonable expenses in the amount of $1,408.00 that Defendant incurred because of Plaintiff's noncompliance with the district court's previous orders.  ECF No. 168.  The deadline for Plaintiff to pay the monetary sanctions was May 17, 2024.  *Id.* at 8.  To date, Plaintiff has failed to remit payment.  ECF No. 186 at 10; ECF No. 180 at 2 ¶ 3.

III.    Second Motion for Sanctions

On April 15, 2024, Defendant filed the Second Motion for Sanctions, alleging that Plaintiff continues to contact Defendant's employees in violation of the district court's instructions and that Plaintiff threatened to subpoena a potential

6

trial witness' spouse to testify at trial. ECF No. 166. Defendant sought terminating sanctions and monetary sanctions in the form of attorneys' fees that Defendant incurred in preparing the Second Motion for Sanctions and the reply. ECF Nos. 166, 174.

On June 14, 2024, this Court granted in part and denied in part the Second Motion for Sanctions. ECF No. 183. The undersigned judge found that the extreme relief of terminating sanctions was not warranted at the time, but less drastic sanctions in the form of monetary sanctions were warranted. *Id.* at 14. The Court ordered Plaintiff to pay the reasonable expenses in the amount of $4,032.00 that Defendant incurred due to Plaintiff's noncompliance with the district court's previous orders. *Id.* at 14, 18. Plaintiff's noncompliance included: (1) directly emailing Defendant's employees regarding this lawsuit, *id.* at 10 (citing ECF No. 166-1 at 6–13); and (2) continuing to email Defendant's employees regarding this lawsuit after Defendant filed the Second Motion for Sanctions, *id.* at 10–11 (citing ECF No. 174-1 at 5–11; ECF No. 180-1). The Court ordered Plaintiff to pay the sanctions by July 15, 2024. *Id.* at 18–19. As of the filing of the Third Motion for Sanctions on June 25, 2024, Plaintiff has not paid the sanctions. ECF No. 186 at 16 n.3.

Importantly, in denying Defendant's request for terminating sanctions, the Court issued a final warning to Plaintiff with the following orders:

> 1.  **Plaintiff shall not directly email, call, or otherwise contact Defendant's employees regarding this lawsuit.**
>
> 2.  **Plaintiff shall not send threatening, intimidating, or harassing[] emails to Defendant's Counsel, Defendant's employees, potential trial witnesses, the court, or court staff.**
>
> 3.  **Plaintiff shall not threaten, intimidate, or harass Defendant's Counsel, Defendant's employees, potential trial witnesses, the court, or court staff.**
>
> 4.  **Plaintiff shall not record, in any fashion, any court proceedings.**
>
> 5.  **Plaintiff shall fully comply with all federal rules, local rules, and all orders issued by the court.**
>
> **<u>Failure to comply with any of the foregoing orders WILL result in the undersigned judge finding and recommending dismissal of this action with prejudice.</u>**

ECF No. 183 at 17–18 ("06/14/2024 Orders").

IV.    June 2024 Settlement Conference

The operative Rule 16 scheduling order is the Fourth Amended Rule 16 Scheduling Order ("Scheduling Order"). ECF No. 177. Pursuant to the Scheduling Order, Plaintiff was required to submit a confidential settlement conference statement by June 6, 2024, and appear by video conference for a settlement conference on June 13, 2024. *Id.* at 3 ¶¶ 9–10. Plaintiff failed to do either. ECF No. 182.

On June 24, 2024, the Court issued an Order to Show Cause ("06/24/2024 OSC"). ECF No. 184. Therein, the Court ordered Plaintiff to show cause in

8

writing by July 8, 2024, as to why he should not be sanctioned for failure submit a settlement conference statement and attend the June 13, 2024 settlement conference. *Id*. at 3. The Court also warned Plaintiff that failure to respond to the 06/24/2024 OSC or failure to show adequate cause for his action would result in a recommendation to dismiss his claims against Defendant. *Id.*

On June 25, 2024, Plaintiff submitted a response to the 06/24/2024 OSC directly to the undersigned's chambers email address. ECF No. 186-12 at 2–3. The Court advised Plaintiff that he must properly file his response to the 06/24/2024 OSC and instructed Plaintiff to cease emailing chambers directly unless given permission to do so. ECF No. 185. Plaintiff did not file a response to the 06/24/2024 OSC.

V.     Third Motion for Sanctions

On June 25, 2024, Defendant filed the Third Motion for Sanctions. ECF No. 186. Defendant argues that Plaintiff has continued to repeatedly violate court orders, including sending multiple emails to the courtroom manager and Avis employees in direct violation of the 06/14/2024 Orders. *Id.*; ECF No. 188. Defendant seeks terminating sanctions in the form of dismissal of Plaintiff's claims with prejudice and an award of attorneys' fees. ECF Nos. 186, 188.

9

DISCUSSION

"District courts have inherent power to impose sanctions to manage their cases and courtrooms effectively, ensure the orderly administration of justice, and to enforce compliance with their orders." *Smith v. Premiere Valet Servs., Inc.*, Case No.: CV 19-09888-CJC(MAAx), 2022 WL 1153368, at *8 (C.D. Cal. Mar. 4, 2022) (citing *Int'l Union, United Mine Workers of Am. V. Bagwell*, 512 U.S. 821, 831 (1994); *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004); *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988)), *reconsideration denied,* 2022 WL 16859650 (C.D. Cal. Apr. 5, 2022), and *appeal dismissed,* No. 22-55390, 2022 WL 13592378 (9th Cir. Sept. 8, 2022). "Indeed, 'district courts cannot function efficiently unless they can effectively require compliance with reasonable rules. Absence of meaningful power to require that compliance would make for disorder and preclude effective judicial administration at the trial court level.'" *Id.* (quoting *Chism v. Nat'l Heritage Life Ins. Co.*, 637 F.2d 1328, 1332 (9th Cir. 1981), *overruled on other grounds by Bryant v. Ford Motor Co.*, 832 F.2d 1080 (9th Cir. 1987)).

In extreme circumstances, a court may use its inherent power to impose terminating sanctions against a party that "repeatedly and willfully violates its orders." *Id.* (citing Fed. R. Civ. P. 16(f)(1); *Leon v. IDX Sys. Corp.*, 464 F.3d 951,

10

958 (9th Cir. 2006)). "Dismissal is appropriate only when a court finds that the party's conduct demonstrates willfulness, fault, or bad faith." *Id.* (citing *Leon*, 464 F.3d at 958). "Disobedient conduct not shown to be outside the control of the litigant" is sufficient to demonstrate willfulness, bad faith, or fault. *Id.* at *9 (citing *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948–49 (9th Cir. 1993)).

This is Defendant's third request for sanctions, and it is clear that Plaintiff has continued to violate the court's orders. Since the 06/14/2024 Orders, Plaintiff has repeatedly emailed Defendant's employees regarding this lawsuit in violation of the district court's 12/18/2023 Order and this Court's 06/14/2024 Order. ECF Nos. 186-8, 186-9, 186-10, 186-11, 186-12, 188-3, 188-4, 188-5, 188-6. Moreover, Plaintiff failed to respond to the 06/24/2024 OSC related to the June 13, 2024 settlement conference, also in violation of the 06/14/2024 Orders. ECF No. 183 at 17 ("Plaintiff shall fully comply with all federal rules, local rules, and all orders issued by the court.").

Plaintiff's repeated failures to comply with court orders are sufficient to establish willfulness, bad faith, and fault, such that terminating sanctions are warranted. Plaintiff has made countless baseless accusations that this case is "fraudulent" and "fake" and that this court lacks judicial authority. *See, e.g.*, ECF No. 186-7 at 2 ("I have already proven it is a fake and fraudulent case and knowingly presided over by both judges." (emphasis omitted)); ECF No. 186-9 at

11

2 ("You have zero judicial authority over this case . . . Because it's a fake case." (emphasis omitted)); ECF No. 186-12 at 2 ("I'm so confident that this entire case is nothing but a fraudulent and fake-filed which was knowingly presided over by both Judges in order to force a 'Swept Under the Rug' Settlement . . . you have absolutely ZERO authority over a Fake-Filed Mock-Case."); ECF No. 188-4 at 2 ("As Judicial Immunity is invalid due to a Judge knowingly presiding over a Case the [sic] Do Not have any Jurisdiction over . . . and especially since it's a fake-filed case that was fraudulently entered by you knowingly . . . just to play Court Jesters in this pretend Kangaroo-Court.").

Based on these misguided beliefs, it is apparent that Plaintiff is intentionally and continuously refusing to participate in court proceedings and failing to obey court orders. This pattern of disobedience does not reflect mistake or Plaintiff's inability to comply, but rather, repeated and deliberate decisions to blatantly disregard court orders. For these reasons, this Court finds that Plaintiff's violation of multiple court orders clearly demonstrates the requisite willfulness, bad faith, and fault to warrant terminating sanctions.

Once a court finds that discovery violations are due to "willfulness, bad faith, or fault," it must weigh the following five factors to determine whether to impose terminating sanctions: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

12

the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon*, 464 F.3d at 958 (citing *Anheuser–Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)).

These five factors are "not a series of conditions precedent before the judge can do anything," but "a way for a district judge to think about what to do." *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998). Ultimately, "[t]he most critical criterion for the imposition of a dismissal sanction is that the misconduct penalized must relate to matters in controversy in such a way as to interfere with the rightful decision of the case." *Halaco Eng'g Co.*, 843 F.2d at 381 (citations omitted). "This rule is rooted in general due process concerns." *Id.* (citation omitted).

Where a party violates a court order, as here, the first two factors support sanctions. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). The fourth factor weighs against sanctions. *Id.* Therefore, the third factor regarding the risk of prejudice and the fifth factor regarding the availability of less drastic sanctions are decisive. *Id.*

I.      Risk of Prejudice to Defendant

As to the third factor, the prejudice inquiry looks to whether the wrongdoing party's actions impair the non-wrongdoing party's "ability to go to trial or threaten

13

to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). Here, Plaintiff's repeated and intentional failure to comply with court orders constitutes a significant interference "with the rightful decision of the case." Plaintiff's obstructive tactics have unnecessarily delayed this litigation, burdened the court, and prejudiced Defendant by making it very difficult for Defendant to prepare for trial due to Plaintiff's lack of participation in this lawsuit. The third factor thus supports terminating sanctions.

II.     Availability of Less Drastic Sanctions

As to the fifth factor, this factor "is violated if dismissal is imposed without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Id.* (citing *Malone*, 833 F.2d at 131). This factor involves consideration of three subfactors: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057 (citing *Malone*, 833 F.2d at 132).

As to the first subfactor, the Court has previously tried to take less drastic action in the form of the countless previous warnings, namely the 06/14/2024 Orders. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229, 1237 (9th Cir. 2006) (recognizing that a warning can satisfy the

14

"consideration of alternatives" requirement" (citations omitted)). Yet despite these previous admonitions, Plaintiff willfully and in bad faith continued to disobey court orders.

As to the second subfactor, no lesser sanction is now available to compel Plaintiff's cooperation. Moreover, given Plaintiff's continued failure to cooperate or comply with court orders, it is unlikely that lesser sanctions, such as monetary sanctions, would deter similar conduct by Plaintiff in the future. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) ("It is appropriate to reject lesser sanctions where the court anticipates continued deceptive misconduct." (citing *Anheuser–Busch, Inc.*, 69 F.3d at 352)).

As to the third subfactor, Plaintiff was explicitly warned in the 06/14/2024 Orders that failure to comply with court orders would result in a recommendation that Plaintiff's claims be dismissed with prejudice. Notwithstanding, Plaintiff still failed to comply. At this point, additional warnings would be meaningless.

The Court has considered each of the five factors used for deciding whether terminating sanctions are warranted. Taking all of the factors into account under the circumstances, the Court finds that Plaintiff's repeated and blatant noncompliance with court orders warrant the extreme relief of dismissal of Plaintiff's claims with prejudice. Plaintiff's repeated failure to comply with court orders was knowing and deliberate. Sanctions other than dismissal with prejudice

15

would be unavailing, would not rectify the prejudice Defendant has suffered in defending against this action, and would not deter misconduct by Plaintiff in the future. The Court thus recommends that the district court impose terminating sanctions and dismiss Plaintiff's claims against Defendant with prejudice.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Defendant's Notice and Motion for Terminating and Monetary Sanctions (ECF No. 186). The Court RECOMMENDS that the district court GRANT Defendant's request for terminating sanctions and dismiss Plaintiff's claims against Defendant with prejudice. Given the severity of this finding and recommendation, and the ineffectiveness of prior monetary sanctions, the Court RECOMMENDS that the district court DENY Defendant's request for monetary sanctions.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 30, 2024.



Kenneth J. Mansfield
United States Magistrate Judge

*Gandolfo v. Avis Budget Grp., Inc.,* Civil No. 22-00246 LEK-KJM; Findings and Recommendation to Grant in Part and Deny in Part Defendant Avis Budget Group, Inc.'s Notice and Motion for Terminating and Monetary Sanctions (ECF No. 186)